The Honorable Robert Lasnik
The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEAN ANDERSON,

    Plaintiff,

vs.

ADAM BEATTY and OFFICER WILLIAM ANDERSON,

    Defendants.

No. 17-CV-00058-RSL-BAT

DECLARATION OF WILLIAM F. ANDERSON

I, WILLIAM F. ANDERSON, being familiar with the facts set forth herein based on my personal knowledge, and being competent to testify, hereby declare under penalty of perjury that the following is true and correct:

1. I am over the age of 18 and am competent to testify.

## I.    BACKGROUND

2. I am currently serving as a Seattle Police Officer in the North Precinct of the Seattle Police Department. I am a patrol officer serving as a member of the Anti-Crime Team. My duties involve conducting preliminary criminal investigations as well as participating in and

DECLARATION OF WILLIAM F. ANDERSON
(17-CV-00058-RSL-BAT) - 1

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

organizing undercover operations, surveillance, vice investigations, and narcotics investigations, shooting investigations and assault investigations. I have executed various search warrants ranging from vehicle searches, people, residences, and DNA.

3. I have been with the Seattle Police Department for over 8 years, primarily serving the North Precinct.

4. Prior to becoming a Seattle Police Officer, I worked in retail as a department manager. I also graduated from Seattle Pacific University in 2006 with a bachelor's of science in physics and a minor in math.

## II.   AUGUST 3, 2016

5. On August 3, 2016, I started my shift around 11:00 a.m. I was partnered with Officer Richards that day. At around 11:30 a.m., we volunteered to respond to a report of a robbery where the suspect claimed he had a firearm.

6. Upon arrival, my partner and I were looking for the suspect along with several other officers. There were reports of possible sightings of the suspect throughout the neighborhood.

7. At some point following, I relied on a report that the suspect was running and assisted in locating the suspect. I eventually saw the suspect, who was later identified as Plaintiff, Sean Anderson.

8. Mr. Anderson was being given commands from another officer. I observed Mr. Anderson complying with the officer's commands.

9. I approached the suspect with Officer Beatty and assisted in placing Mr. Anderson into handcuffs.

10. Mr. Anderson complied with our cuffing direction and did not resist.

DECLARATION OF WILLIAM F. ANDERSON
(17-CV-00058-RSL-BAT) - 2

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

### III. THE HAND CUFFING

11. Given the report that Mr. Anderson was carrying a firearm, Officer Beatty and I engaged in what is called the high risk handcuffing maneuver. This is a state and department-trained handcuffing procedure required for combative, uncooperative, or suspected armed suspects. I have engaged in this procedure hundreds of times throughout my career as law enforcement officer, both in training and on the field.

12. This maneuver requires that a suspect be face down in the prone position (arms outreached). Then the arresting officer places his or her shin across the shoulder blades of the suspect and one knee adjacent to the suspect's torso. The officer then extends the nearest arm upward and takes control of predominately the index and middle finger of the suspect. Finally, the officer places handcuffs on the suspect's wrists with the officer's free hand.

13. To the best of my recollection, I scooped Mr. Anderson's left arm, opening the cuffing channel on the wrist and Officer Beatty extended up Mr. Anderson's right arm to complete the cuffing process.

14. In my experience as a law enforcement officer and during the course of my training, I have never encountered any injury to the hands or fingers associated with the application of this technique.

15. After handcuffing Mr. Anderson, I walked him to our patrol vehicle with Officer Richards. We searched Mr. Anderson prior to placing him in the patrol car for transport. During this time, Mr. Anderson acknowledged that neither he nor anyone else was injured during his suspected crime and the following chase.

16. Mr. Anderson never complained of any pain or injury to his hands and fingers at any time

DECLARATION OF WILLIAM F. ANDERSON
(17-CV-00058-RSL-BAT) - 3

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

during my encounter with him.

17. To the best of my recollection, Mr. Anderson did not exhibit any sign of pain or injury.

18. It is my custom and practice as well as a Seattle Police Department mandate that when a suspect complains of pain or injury resulting from the course of interactions with officers, that the officer is required to report such pain or injury. As Mr. Anderson did not make any complaint of pain or injury to me, there was no need to create a report of this kind.

19. At some point upon arrival to the robbery unit, Mr. Anderson may have complained of a toe injury. To my knowledge, Mr. Anderson conveyed the same to the robbery detectives. However, Mr. Anderson didn't complain of any pain or injury resulting from our handcuffing procedures to me or anyone in my presence.

20. Additionally, Mr. Anderson never exhibited any signs of pain or disability of his fingers or hands during my handcuffing and transport of Mr. Anderson to the robbery unit.

### IV. IN CAR VIDEO

21. As required by policy, our In Car Video unit ("ICV") was activated upon arrival to the scene. The ICV records both audio and video. Stopping the video can only be done from inside the patrol car from the software screen. When an officer reasonably believes that the call for service is complete or the officer(s) end transport of a suspect to a detention facility, the officer is permitted to stop the ICV. At the end of the shift, officers have to upload all of the ICV recordings and corresponding information to the central system to be sorted and filed accordingly. Officers do not have the ability to alter, delete, or modify any ICVs. Officers are also permitted to view the video while inside their patrol car before upload. However, modification, alteration, or deletion are not possible.

DECLARATION OF WILLIAM F. ANDERSON
(17-CV-00058-RSL-BAT) - 4

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

22. This entire incident was audio and video recorded by my ICV. A true and correct copy is identified as Bates number ANDER00243 and attached hereto as **Exhibit 1.**

I declare under penalty of perjury that the foregoing is true and correct.

Signed at Seattle, King County, Washington this 2nd day of March, 2018.

_____
WILLIAM F. ANDERSON

DECLARATION OF WILLIAM F. ANDERSON
(17-CV-00058-RSL-BAT) - 5

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200